## MILLIGAN v. BOWMAN.

1. **Judgment:** SATISFACTION OF. Facts considered which were held sufficient to justify the court in setting aside the satisfaction of a judgment and decreeing that certain credits should be allowed thereon.

*Appeal from Mahaska District Court*

WEDNESDAY, MARCH 22.

THIS is an action in equity to set aside the satisfaction of a judgment, recovered by Benjamin Smith, at the October term, 1866, for $2,215 and costs.

March 9, 1869, defendant presented to the clerk of the

court a receipt acknowledging satisfaction in full of the judgment, purporting to be signed by William Wymore, as attorney in fact for Benjamin Smith. Upon presentation of this receipt the clerk marked the judgment satisfied. The petition alleges that the entry was erroneous, and that the judgment has never been satisfied.

The answer alleges that the judgment has been paid, and that the clerk was legally authorized to enter satisfaction by the agent and attorney in fact of Smith.

The court decreed that a credit of $800 and one of $131 should be entered upon the judgment; that the entry of satisfaction be set aside, and the judgment be held and treated as valid. Defendant appeals.

*Lafferty & Johnson* and *M. T. Williams*, for appellant.

*John F. Lacey*, for appellee.

DAY, J.—The fact that William J. Wymore was the agent of Benjamin Smith, and had authority to acknowledge satisfaction of the judgment, is admitted. The only question is whether or not he executed the receipt, upon which defendant procured the entry of satisfaction. From a careful examination of the testimony, we are satisfied that he did not execute it, and that the receipt is, as claimed by the appellee, and as must have been found by the court below, a forgery. It is neither practicable nor desirable to review all the testimony. William J. Wymore is dead. There is no proof that any payments have ever been made on the judgment, other than those which the court ordered to be credited. The receipt is signed William Wymore, whereas the name of the agent of Smith was Wm. J. Wymore, and in none of his genuine signatures, produced upon the trial, is the J. omitted. Eight experts and persons acquainted with the signature of William J. Wymore, from a comparison of the receipt with Wymore's genuine signature, express the opinion that the receipt was not signed by him. The receipt was not filed with the clerk until a short time after Smith died. The wife of the defendant, and two

other witnesses, testify that they saw Wymore sign the receipt in December, 1866. But it is fully proved that the receipt is in the hand writing of J. F. Lacy, and that it was written in the spring of 1869. The parties had other dealings, and it is clear that it was some other paper these witnesses saw Wymore sign. It is clearly proved that, in 1868, defendant was negotiating with Wymore for a settlement of the judgment, which is utterly inconsistent with the fact that a receipt acknowledging satisfaction in full was executed by Wymore in 1866. But we deem it unnecessary to pursue the testimony further. It seldom happens that we are able to arrive at so satisfactory a conclusion upon facts, as is that which we have reached in this case. The decree must be

AFFIRMED.